IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARL BRADLEY,                    No. 2:16-cv-2702-KJM-CMK-P

    Petitioner,

  vs.                              FINDINGS AND RECOMMENDATION

JOSIE GASTELO,

    Respondent.

_____/

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's unopposed motion to dismiss the petition as barred by the statute of limitations (Doc. 12).

**I.    BACKGROUND**

       Petitioner is challenging his 2014 conviction out of the Sacramento County Superior Court. Petitioner was sentenced on October 22, 2014, and an Abstract of Judgment was filed on November 6, 2014. Petitioner did not attempt to appeal his conviction until 2016. On June 13, 2016, petitioner filed a late notice of appeal in the California Court of Appeal, which was denied on June 16, 2016. Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court on August 11, 2016, which was denied on October 12, 2016.

1

Petitioner filed his federal habeas petition in this court on November 6, 2016.[1]

## II. MOTION TO DISMISS

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12. The petitioner bears the burden of showing that he has exhausted state remedies. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Respondent brings this motion to dismiss Petitioner's habeas corpus petition as filed beyond the one-year statute of limitations, pursuant to 28 U.S.C. § 2244(d).

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires federal habeas corpus petitions to be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of

---

[1] The dates noted provide plaintiff with the benefits of the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988); Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002)

direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day.

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 552 U.S. 3 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between

state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27. Because "California courts had not provided authoritative guidance on this issue," the Supreme Court in Chavis "made its own conjecture... 'that California's "reasonable time" standard would not lead to filing delays substantially longer than' between 30 and 60 days." Robinson v. Lewis, 795 F.3d 926, 929 (9th Cir. 2015) (quoting Evans v. Chavis, 546 U.S. 189, 199 (2006)).

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

Here, petitioner is challenging his 2014 conviction. Petitioner had sixty days after sentencing to seek direct review. Petitioner did not file a notice of appeal with the California Court of Appeal until June 16, 2016, two years after sentencing. His request to file a late notice was denied. Late filings do not toll the statute of limitations. See e.g., DiGuglielmo, 544 U.S. at 413. Thus, the Court of Appeal's denial of petitioner's late notice of appeal had no effect on the statute of limitation. See v. Crawford, 604 F.3d 1047, 1054-55 (9th Cir. 2010). The statute of limitations therefore commenced sixty days after his time for seeking direct review of his conviction. See § 2244(d)(1). Petitioner was convicted on September 8, 2014, was sentenced on October 22, 2014, and the abstract of judgment was filed on November 5, 2014. As petitioner was sentenced on October 22, 2014, petitioner had until December 22, 2014 to file his direct appeal. Since no timely appeal was filed in the Court of Appeal, the statute of limitations

commenced the following day, or December 23, 2014.  Petitioner then had one year to file his federal habeas petition, or until December 23, 2015.  Petitioner did not file his federal habeas petition until November 6, 2016, almost a year after the statute of limitations expired.

As stated above, petitioner's request to file a late notice of appeal was denied by the California Court of Appeal.  It therefore had no effect on the running of the statute of limitations.  See Randle, 604 F.3d at 1054-55 .  Similarly, petitioner's state habeas petition, filed in the California Supreme Court on August 11, 2016, does not toll the statute of limitations as it had expired prior to the filing of the state habeas petition.  See Nino, 1983 F.3d at 1006-07.

### III. CONCLUSION

The undersigned finds the petitioner's federal habeas petition was filed beyond the statute of limitations, and there is no available statutory tolling for his federal habeas petition.

Based on the foregoing, the undersigned recommends respondent's motion to dismiss (Doc. 12) be granted and petitioner's untimely petition be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 11, 2018

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE